IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02737-WJM-CBS

ROY J. MAIN,

    Applicant,

v.

RAE TIMME, Warden,

    Respondent.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

CRAIG B. SHAFFER, United States Magistrate Judge

    This civil action comes before the court on Mr. Main's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition), filed *pro se* on October 15, 2012 [Doc. # 1]. Pursuant to the Order of Reference issued December 5, 2012 [Doc. # 16], this case was referred to the Magistrate Judge to "issue a Report and Recommendation as to the disposition of the merits of the Petition." The court has reviewed the Petition, Respondent's Response to Application for Writ of Habeas Corpus" ("Answer") (filed January 11, 2013) [Doc. # 20], Mr. Main's Reply (filed January 22, 2013) [Doc. # 24], the entire case file, and the applicable law and is sufficiently advised in the premises. The court recommends that the Petition be denied and that this civil action be dismissed with prejudice.

**I. Statement of the Case**

    Mr. Main is in the custody of the Colorado Department of Corrections (DOC) and is incarcerated at the Colorado Territorial Correctional Facility in Canón City, Colorado. He is serving a sentence of one day to life based on his 1990 conviction in the Mesa

County, Colorado, District Court for the crime of sexual assault on a child, and two 1982 felony convictions for sexual assault. [Doc. ## 20-3, at 2-3; 20-3, at 1].

Mr. Main was considered for parole on July 11, 2012. [Doc. # 20-2]. Colorado parole board member Rebecca Oakes conducted the parole interview. During the interview, Mr. Main stated that he hoped to obtain housing and employment assistance through Hope to Recovery in Colorado Springs. [*Id.* at 4:24-5:10]. At the conclusion of the interview, Ms. Oakes informed Mr. Main that, if her decision was to recommend parole, she was required to obtain approval from the other board members. [*Id.* at 7:05-7:25].

Following the interview, Ms. Oakes, and a second board member, Alfred Peña, denied Mr. Main's request for parole and deferred consideration to July 2013 based on: (1) concerns for public safety; (2) the severity and circumstances of Mr. Main's offense; (3) Mr. Main's prior criminal history, which consists of two other sexual assault convictions (one for sexual assault on a child); and, (4) an inadequate parole plan (lack of a suitable parole sponsor and insufficient housing and work arrangements). [Notice of Colorado Parole Board Action, Doc. # 20-2].

On October 15, 2012, Mr. Main filed his Petition in this Court. He challenges the parole board's decision to deny parole on July 11, 2012 as a violation of his Fourteenth Amendment due process and equal protection rights. Mr. Main claims that the parole board's decision was arbitrary, capricious and an abuse of its discretion. He further asserts that other sex offenders serving an indeterminate prison term have been released on parole after two to three years, while he was denied parole despite having served over twenty years. For relief, he asks the court to order that his parole

application be reviewed by the entire parole board and that he be afforded the same treatment as other sex offenders who have been paroled.

Respondent filed a Preliminary Response to the Petition on November 30, 2012 advising the court that he did not intend to raise the affirmative defense of failure to exhaust state court remedies. [Doc. # 12].

## II. Legal Standard

### A. Habeas Corpus Actions

An action brought by a federal prisoner pursuant to 28 U.S.C. § 2241 is one that challenges the execution of a sentence "and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.1997). A challenge to the denial of parole is properly brought under 28 U.S.C. § 2241. *Henderson v. Scott*, 260 F.3d 1213, 1214 (10th Cir. 2001). A district court is only authorized to issue the writ of habeas corpus when an applicant is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### B. *Pro Se* Litigant

Mr. Main is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

3

Cir.1991). A court may not assume that an applicant can prove facts that have not been alleged or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). An applicant's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## III. Analysis

### A. Due process claim

Mr. Main challenges the Colorado parole board's decision to deny parole in July 2012 as a deprivation of his federal due process rights.

The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits the state deprivation of life, liberty, or property without due process of law. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Main was not deprived of life or property when he was denied release on parole. His claim therefore must implicate a constitutionally-protected liberty interest. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Generally, a liberty interest may arise from either the United States Constitution or state law. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998); *Boutwell v. Keating*, 399 F.3d 1203, 1213 (10th Cir. 2005) (recognizing that a state statute may "create a liberty interest when the statute's language and structure sufficiently limits the discretion of a parole board."). The Constitution itself does not create a protected liberty interest in a prisoner's release prior to the expiration of a valid sentence. *See Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011) (per curiam); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Furthermore, a review of the applicable

Colorado parole scheme demonstrates that Mr. Main does not have a legitimate claim of entitlement to parole under state law.

In Colorado, the parole board has full discretion to grant or deny parole to a sex offender. See COLO. REV. STAT. ("C.R.S.") 17-2-201(5)(a); *Mahn v. Gunter*, 978 F.2d 599, 600-01 (10th Cir. 1992) (recognizing that parole for sex offenders, under various Colorado parole schemes, is discretionary); *Thiret v. Kautzky*, 792 P.2d 801, 806 (Colo. 1990) (concluding that the parole board has discretion to grant or deny parole to all persons sentenced for a sex offense as defined by § 16-13-202(5), C.R.S.); *Jackson v. Zavaras*, 963 P.2d 1118 (Colo. 1998) (rejecting habeas petitioner's claim that he was entitled to mandatory parole based on *Thiret* where petitioner was imprisoned pursuant to a conviction for sexual assault on a child). Because Mr. Main is serving time based on his 1990 conviction for a sex offense, he is subject to Colorado's discretionary parole scheme. Mr. Main has no entitlement to or liberty interest in parole under a discretionary parole scheme, and, therefore, no concomitant right to Constitutional procedural due process protections before parole is denied. *Greenholtz*, 442 U.S. at 7; *see also Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009).

Moreover, state law provides only that a parole interview shall be conducted by one or more parole board members as follows:

> Whenever an inmate initially applies for parole, the board shall conduct an interview with the inmate. At such interview at least one member of the board shall be present. Any final action on an application shall not be required to be made in the presence of the inmate or parolee, and any such action shall require the concurrence of at least two members of the board. When the two members do not concur, a third member shall review the record and, if deemed necessary, interview the applicant and cast the deciding vote. Any subsequent application for parole shall be considered

> by the board in accordance with the provisions of paragraph (a) of subsection (4) of this section.
>
> . . .
>
> When a recommendation has been made before the board for revocation or modification of a parole, the final disposition of such application shall be reduced to writing. The parolee shall be advised by the board of the final decision at the conclusion of the hearing or within a period not to exceed five working days following said hearing; however, a parolee may waive the five-day notice requirement. A copy of the final order of the board shall be delivered to the parolee within ten working days after the completion of the hearing.

§ 17–2–201(9)(a)(I) and (b), C.R.S.; *see also* § 17-2-201(9)(a)(II) (providing that "[t]he provisions of subparagraph (I) of this paragraph (a) shall also apply to all interviews of inmates who apply for parole pursuant to section 17–22.5–303, who were sentenced for an offense committed on or after July 1, 1979.").

The statutory procedure was followed in Mr. Main's case and he was afforded all the process due under state law.[1] As such, he is not entitled to federal habeas relief unless the decision to deny parole constituted an abuse of the parole board's discretion such that it "resulted in an abridgement of the petitioner's constitutional rights." *Wildermuth v. Furlong*, 147 F.3d 1234, 1236 (10th Cir. 1998); *see also Schuemann v. Colo. State Bd. of Parole*, 624 F.2d 172, 173 (10th Cir. 1980) (stating that a court "may review [a] decision of the parole board to determine if it was arbitrary, capricious or an abuse of discretion.").

Judicial review of the denial of parole is narrow because "parole determinations inherently do not lend themselves to concrete and identifiable standards." *Schuemann v. Colo. State Bd. of Parole*, 624 F.2d 172, 174 (10th Cir. 1980). The parole board's

---

[1]Contrary to Mr. Main's assertions in his Reply brief, Colorado law does not require that he be granted a full parole board review before parole is denied.

6

decision regarding whether to release an inmate is "subtle and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release." *Greenholtz*, 442 U.S. at 9-10.  The court's "inquiry is only whether there is a rational basis in the record for [the parole board's] conclusions embodied in its statement of reasons." *Mulberry v. Neal*, 96 F.Supp.2d 1149, 1151 (D. Colo. 2000).  "So long as there was sufficient evidence before the Parole Board to support its decision, its actions are not an abuse of discretion." *Id.*  Federal courts may not reweigh evidence, rule on credibility matters, or substitute their judgment for the judgment exercised by a parole board.  *Fiumara v. O'Brien*, 889 F.2d 254, 257 (10th Cir. 1989).

The Colorado parole board may not release an offender on parole unless "there is a strong and reasonable probability that the person will not thereafter violate the law and that release of such person . . . is compatible with the welfare of society." § 17-2-201(4), C.R.S.   In Mr. Main's case, the decision to deny parole was based on: (1) concerns for public safety; (2) the severity and circumstances of Mr. Main's offense; (3) Mr. Main's prior criminal history, which consists of two other felony convictions for sexual assaults; and, (4) Mr. Main's lack of a sufficient parole plan (no suitable parole sponsor and insufficient housing and work opportunity).  [Doc. # 20-2].  Although the explanation in the Notice of Colorado Parole Board Action is terse, there is no question that the factors considered were properly taken into account by the parole board. *Schuemann*, 624 F.2d at 174; *see also* § 17-22.5-404(4)(a) (setting forth non-exhaustive list of factors for parole board consideration).  Furthermore, "[i]t would be

discordant to require unduly specific and detailed reasons from a Board vested with a subjective, predictive, and experimental function." *Id.*

In his Reply, Mr. Main disputes the parole board members' finding that he did not have an adequate parole plan. [Doc. # 24, at 1-2]. Mr. Main stated in his parole interview that he desired to be paroled to Hope to Recovery, a program that could assist him in finding housing and employment doing janitorial work. The court finds, however, that even if the parole board did not fairly credit Mr. Main's parole plan, his claim nonetheless fails because the parole board also relied on concerns for public safety and Mr. Main's multiple convictions for sexual offenses to deny parole. "'[W]here the denial of parole . . . rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right.'" *Wildermuth*, 147 F.3d at 1236 (quoting *Bloodgood v. Garraghty*, 783 F.2d 470, 475 (4th Cir.1986)); *Childs v. Clements*, No. 12-cv-01401-CMA, 2013 WL 389087, at *5 (D. Colo. Jan. 31, 2013) (unpublished) (denying habeas petitioner's challenge to parole board's decision to deny parole based on the nature of the petitioner's offenses (sexual assault and burglary committed in 1986), citing *Wildermuth*). Mr. Main has made no showing that the parole board members considered incorrect or inaccurate information. The court thus finds that Mr. Main fails to demonstrate the parole board's decision was arbitrary or an abuse of discretion.

**B. Equal protection claim**

Mr. Main next claims that the denial of parole violated his equal protection rights because other sex offenders were granted parole after serving substantially less time in prison. To prevail on an equal protection claim, Mr. Main must demonstrate that the

government treated him differently than similarly situated individuals.  *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir.1996).  However, Mr. Main does not provide any specific factual allegations about other prisoners to show that they were similarly situated to him in all material respects.  "[B]are equal protection claims are simply too conclusory to permit a proper legal analysis." *Straley*, 582 F.3d at 1215.  The equal protection therefore lacks merit.

## IV.  Recommendation

For the reasons discussed above, it is

RECOMMENDED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by Roy J. Main on October 15, 2012 [Doc. #1] be DENIED and that this civil action be DISMISSED with prejudice.

## Advisement to the Parties

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir.1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for de novo review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir.1996). Failure to make timely objections

may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir.1999) (District Court's decision to review a Magistrate Judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir.1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir.1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales–Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 11th day of June, 2013.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge